UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN MENCHEN,

    Plaintiff,

vs.

EXPRESS SCRIPTS, et. al.

    Defendants.

Case No. 1:25-cv-621

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff John Menchen brings this *pro se* action against Express Scripts and David Cordani. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable

1

basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

2

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff seeks to recover unemployment payments he believes are owed to him by the Ohio Department of Jobs and Family Services (ODJFS). Plaintiff's claims that ODJFS has delayed his payment from his claims since August 2024. Plaintiff also asserts he filed an action in the Hamilton County Court of Common Pleas to challenge the state agency decision. Despite these references Plaintiff did not cite to any such court action. Notably, however, this Court has authority to "take judicial notice of proceedings in other courts of record" on screening of plaintiff's complaint. See *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir.1969)); *Saint Torrance v. Firstar*, 529 F.Supp.2d 836, 838 n. 1 (S.D.Ohio 2007); see also *Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir.2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir.1999)) (involving judicial notice of on-line court records).

A search of on-line court records from Hamilton County, Ohio reveal a prior action filed by Plaintiff against the ODJFS seeking to appeal the denial of unemployment

3

benefits. See *Menchen v. ODJFS*, Case No. A 2405074. Defendants moved to dismiss the action based on lack of subject matter jurisdiction. Id. That Court granted Defendants motion to dismiss on April 29, 2025.

Here, Plaintiff's complaint is again seeking to recover unemployment benefits. As detailed above, he challenged the denial of benefits in state court. To the extent Plaintiff is challenging the results of his state court case, his claim is barred by the Rooker–Feldman doctrine. *The Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506–07 (6th Cir.2000). *See also McGuire v. Bourbon Community Hospital,* 2006 WL 208826 at *5 (E.D. Ky. Jan. 25, 2006)(Federal courts do not have jurisdiction to address challenges related to unemployment compensation benefits).

In this case, it is clear from the face of the complaint that *Rooker–Feldman* applies to bar this Court from exercising jurisdiction over plaintiff's claims challenging the rulings of the state court. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts and this Court lacks subject matter jurisdiction to consider Plaintiff's claims. See 28 U.S.C. § 1915(e)(2)(B).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the

foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

        *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN MENCHEN,　　　　　　　　　　　　Case No. 1:25-cv-621

　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　McFarland, J.
　vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

EXPRESS SCRIPTS, et. al.

　　Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).